# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| LUDA CHRISTINE HAYWARD LEFORGE, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:11-cv-526-RLY-DKL |
| FEIWELL & HANNOY, P.C., | ) ) ) | |
| Defendant. | ) | |

### Entry Denying Motion to Dismiss
### and Directing Further Proceedings

## I.  Background

The plaintiff brought this claim alleging several violations of the Fair Debt Collection Practices Act ("FDCPA"). The defendant served on the plaintiff an offer of judgment pursuant to Rule 68 of the *Federal Rules of Civil Procedure*. The plaintiff rejected the offer of judgment. The defendant now moves to dismiss the complaint for lack of subject matter jurisdiction on the basis that the action is moot. For the reasons set forth below, the defendant's motion to dismiss [53] must be **denied.**

## II.  Discussion

Federal courts have jurisdiction over live cases and controversies pursuant to Article III of United States Constitution. "Both litigants must have a personal interest in the case at the beginning of the litigation, and their interests must persist throughout its entirety." *Holstein v. City of Chicago,* 29 F.3d 1145, 1147 (7th Cir. 1994). "A case becomes moot when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit." *Id.* An offer of judgment of all damages due the plaintiff renders an action moot. *Id.*

If plaintiff were to prevail on her claims against the defendant, she could recover $1,000.00 in statutory damages, plus actual damages, plus her costs and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k(a). The defendant's offer of judgment provided that the defendant would permit judgment to be entered against it and in favor of the plaintiff in the amount of $1,000 statutory damages, plus

$500.00 in additional damages, plus costs, including but not limited to filing fees. The defendant argues that the amount that it offered exceeded what plaintiff can recover. Plaintiff responds that the defendant's offer of judgment did not include sufficient recovery for actual damages.

Actual damages under the FDCPA may include damages for emotional distress. *Anderson v. Specified Credit Ass'n, Inc.,* No. 11-civ-53-GPM, 2011 WL 2414867 (S.D.Ill, June 10, 2011); *Bassett v. I.C. System, Inc.,* 715 F.Supp.2d 803, 812 (N.D.Ill. 2010); *Gastineau v. UMLIC VP, LLC,* 1:04-cv-633-LJM-WTL, 2006 WL 1131768 (S.D.Ind. April 25, 2006); *Chiverton v. Federal Financial Group, Inc.*, 399 F.Supp.2d 96, 102 (D. Conn. 2005).

Plaintiff contends that she suffered stress-related injuries as a result of the defendant's alleged actions, including ignoring her responses to its debt collection notice, its filing a foreclosure action against her for property she no longer owned, and its failure to cease collection efforts. Those alleged injuries include angina, chest constriction, digestive system issues, loss of appetite, crying, nightmares, shortness of breath, anxiety, nervousness, fear and worry, elevated blood pressure, irritability, hysteria, embarrassment, humiliation, indignation, loss of memory, decreased intellectual capacity, and pain and suffering. She alleges that her medical records will support her claim of emotional distress.

Defendant argues that because the plaintiff' has failed to tender admissible evidence in support of her damages claim, she has failed to "create a triable issue." This misstates the applicable standard at this stage of the litigation. In ruling on a Rule 12(b)(1) motion, the court "accept[s] the complaint's well-pleaded factual allegations as true and draw[s] reasonable inferences from those allegations" in the plaintiff's favor. *Sprint Spectrum L.P. v. City of Carmel, Indiana,* 361 F.3d 998, 1001 (7th Cir. 2004). The plaintiff has alleged a claim for actual damages. Her response to the motion to dismiss is sufficient to convince the court that she should be afforded an opportunity to offer evidence in support of her actual damages through her personal testimony (or affidavit) of the circumstances of the injuries, medical records, testimony of others, and any other applicable forms of evidence. Neither of the cases cited by the defendant, *Bassett v. I.C. System, Inc.,* 715 F.Supp.2d 803, 812 (N.D.Ill. 2010) or *Suszka v. Capital Collections, LLC,* No. 08-cv-929, 2009 U.S. Dist. LEXIS 34267 (E.D. Wis. April 8, 2009), were decided on a motion to dismiss.

To be clear, the court is not ruling that the plaintiff's actual damages necessarily exceed $500. Rather, the court finds that her claim is not moot, the court retains subject matter jurisdiction, and the action requires further development. The defendant's motion to dismiss for lack of subject matter jurisdiction [53] is **denied.**

**III.**

The defendant shall have **through March 18, 2013,** in which to respond to the plaintiff's motion to compel production of documents.

**IV.**

The deadline to file any further dispositive motion is extended until further order.

**V.**

The Magistrate Judge is requested to schedule a status/settlement conference.

**IT IS SO ORDERED.**

Date: 02/19/2013

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

**Magistrate Judge Denise K. LaRue**

**All electronically registered counsel**

**Luda Christine Hayward LeForge**
**203 Lady Palm Dr.**
**Naples, FL  34104**