**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| LUDA CHRISTINE HAYWARD LEFORGE, | : | Case No. 1:11-cv-00526-RLY-DKL |
| Plaintiff, | | |
| vs. | | |
| FEIWELL & HANNOY, P.C., | | |
| Defendant | | |

**MOTION IN LIMINE TO BAR REFERENCE TO ATTORNEY FEES**

Now comes Plaintiff, by and through counsel, and moves the Court for an Order that Defendant, its witnesses, and Attorneys shall not mention within the hearing of the jury the availability of an award of attorney's fees to Mrs. LeForge should she succeed in this litigation.

Respectfully submitted,

/s/ Kyle D. Murray
Kyle D. Murray [28307-15]
Attorney for Plaintiff
The Murray Law Firm, LLC
5716-A Signal Hill Court
Milford, Ohio 45150
Ph: 513-248-1550
Fax: 513-248-1559
kyle@murraylawandtitle.com

## MEMORANDUM IN SUPPORT

The jury determines whether Defendant violated the Act and whether Plaintiff is entitled to statutory damages. *Kobs v. Arrow Service Bureau, Inc.*, 134 F.3d 893, 895 (7th Cir. 1998) (finding that a plaintiff is entitled to a "trial by jury in determining statutory additional damages under the FDCPA"). The factors relevant to determine whether a plaintiff in an individual action is entitled to statutory damages include: (1) the frequency and persistence of noncompliance by the debt collector; (2) the nature of the noncompliance, and (3) the extent to which the noncompliance was intentional. 15 U.S.C. § 1692k(b)(1); see also *Huff v. Dobbins, Fraker, Tennant, Joy & Perlstein*, 243 F.3d 1086, 1089 (7th Cir. 2001).

The award of attorney fees is a matter for the court, not the jury. *Huff*, 243 F.3d at 1090. Informing the jury of the Plaintiff's potential ability to recover attorney's fees might lead the jury to offset the fees by reducing the damage award. *Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991). Whether Plaintiff may recover attorney's fees if successful on his claim does not have any tendency to make it more or less probable that Defendant violated the Act, moreover, any relevance advanced by Defendant is substantially outweighed by the possibility of unfair prejudice, confusion of the issues, and misleading the jury. *Tallman v. Freedman Anselmo Lindberg, LLC*, Case No. 11-3201 (C.D. Illinois, 2013) (granting Plaintiff's Motion in Limine to Bar Any References to Attorney Fees).

Wherefore, a Motion in Limine should be granted directing Defendants' witnesses and Attorneys not to mention the availability of attorneys' fees to the successful plaintiff in the presence of the jury.

                                      Respectfully submitted,

                                      /s/ Kyle D. Murray
                                      Kyle D. Murray [28307-15]
                                      Attorney for Plaintiff
                                      The Murray Law Firm, LLC
                                      5716-A Signal Hill Court
                                      Milford, Ohio 45150
                                      Ph: 513-248-1550
                                      Fax: 513-248-1559
                                      kyle@murraylawandtitle.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2014, the foregoing pleading was electronically filed. Service of this filing will be made on the following ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this document via the court's electronic filing system.

Nicholas Ward Levi
KIGHTLINGER & GRAY
nlevi@k-glaw.com

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com

Susan Marie Woolley
FEIWELL & HANNOY, P.C.
swoolley@feiwellhannoy.com

                                            /s/ Kyle D. Murray
                                          Kyle D. Murray