UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LUDA CHRISTINE HAYWARD          )
LEFORGE,                        )
                               )
                  Plaintiff,    )
                               )          1:11-cv-00526-RLY-DKL
        vs.                     )
                               )
FEIWELL & HANNOY, P.C.,         )
                               )
                  Defendant.    )

## ENTRY ON PLAINTIFF'S MOTION IN LIMINE

Plaintiff, Luda Christine Hayward LeForge, brought suit under the Fair Debt

Collection Practices Act ("FDCPA") against Defendant, Feiwell & Hannoy, P.C.

("F&H").  In anticipation of trial, Plaintiff filed two motions in limine seeking to bar

reference to attorney fees (Filing No. 120) and to bar any evidence or testimony

regarding Plaintiff's character, underlying debt, short sale, and other parties (Filling No.

121).  For the reasons set forth below, the court **GRANTS** the motion in limine

concerning attorney fees and **GRANTS in part** and **DENIES in part** the motion in

limine regarding character.

I.      **Discussion**

        A.      **Reference to Attorney Fees**

        Plaintiff seeks to bar the reference of the availability of attorney's fees to Mrs.

LeForge should she succeed in this litigation.  Defendant objects asserting that it is

warranted and appropriate for counsel to remind the jury in argument that any award of

actual damages must be predicated only upon matters contained within the court's instructions and not on attorney's fees. Defendant also wishes to question jurors in voir dire with respect to how they would arrive at an award for actual damages and whether they would feel it necessary to include attorney's fees in the award.

Neither party cites to an applicable Seventh Circuit decision. Plaintiff relies on a case from the Central District of Illinois and one from the Ninth Circuit. Defendant relies on a case from the Middle District of Louisiana and the Third Circuit. The court agrees with the Plaintiff that evidence that, if successful, Plaintiff may seek attorney's fees is irrelevant to whether Defendant violated the FDCPA and also to the bona fide error defense. A jury instruction indicating that attorney's fees are not calculated as actual damages will suffice to remedy the potential windfall Defendant fears. Additionally, Defendant may use voir dire to inquire whether jurors believe they can follow such an instruction. Thus, Plaintiff's motion in limine to bar reference to attorney's fees (Filing No. 120) is **GRANTED**.

### B. Deadbeat Argument

Plaintiff seeks to preclude any argument that Plaintiff, by bringing an FDCPA claim, seeks to immunize herself from the collection process and the natural, legitimate consequences of nonpayment of debt. Additionally, Plaintiff seeks to bar any testimony or argument in which the Plaintiff is referred to as a "deadbeat." Defendant does not object to barring the use of "deadbeat" or similar degrading terms to describe the

Plaintiff. As such, Plaintiff's motion in limine concerning the deadbeat argument (Filing No. 120) is **GRANTED**.[1]

### C. Plaintiff's Motives

Plaintiff seeks to preclude any argument that the Plaintiff is in this case for the money. Defendant states it has reason to believe that Plaintiff will make a demand in excess of $1,000,000.00 and states that should this occur, F&H should be permitted to argue that such a demand is absurd. The court agrees with the Plaintiff that Defendant cannot argue that Plaintiff is in this case solely for the money; however, this does not preclude the Defendant from arguing that the damage award sought is excessive or unsupported by the evidence. Therefore, Plaintiff's motion in limine concerning her motives in **GRANTED**.

### D. Other FDCPA Claims

Plaintiff seeks to preclude Defendant from alluding to, in any manner, the existence of FDCPA claims other than the one involved in this case. Plaintiff argues that such evidence should be precluded under Federal Rules of Evidence 403, 404, 608, and 802 because it has no probative value and would be used for the sole purpose of creating unfair prejudice and confusing the jury. Defendant responds that Mrs. LeForge made prior inconsistent statements in the prior FDCPA claim against the Bank of Americas and those statements should be available for impeachment. Additionally, F&H believes the

---

[1] Defendant asserts that this issue should not be so broad as to include references to the alleged underlying debt. The court's ruling on this matter does not encompass the underlying debt, which the court will discuss the underlying debt in section I.E. below.

jury needs to understand the context in which those statements were given to fully and appropriately evaluate the weight to give those statements.

The court agrees that evidence of another suit is not relevant to Defendant's case in chief; however, if Plaintiff made inconsistent statements, then Defendant may use those statements for impeachment purposes. The court will take under advisement what context may be necessary for the jury to understand such statements. Therefore, this motion in limine is **DENIED in part** and taken **UNDER ADVISEMENT in part**.

###### E.    Existence of the Debt

Plaintiff also seeks to prevent Defendant from examining or referring to any other debt of Plaintiff's or to whether the plaintiff owes the underlying debt from this case. According to Plaintiff, this evidence is irrelevant as to whether the Defendant violated the FDCPA. Defendant objects and asserts that it should be permitted to contradict any testimony by Plaintiff that she did not owe a debt with evidence in its file showing that the bank believed she was delinquent and had evidence supporting that delinquency. The court agrees that such evidence may be used for impeachment purposes only.

Additionally, Plaintiff seeks to preclude the Defendant from the use of the term "short sale" in reference to the disposition of the subject property as such term refers to accounts that are delinquent and would therefore be prejudicial and irrelevant. Defendant argues that the manner in which the promissory note was paid off is relevant and admissible. The court agrees with Defendant, and **DENIES** Plaintiff's motion in limine regarding the existence of the debt for purposes of impeachment and the use of the term "short sale."

### F. Attorney's Motives

Plaintiff seeks to preclude any argument that the Plaintiff's attorney's fee recovery is the "engine running this suit." Defendant agrees that it would be improper to discredit the motives of opposing counsel. Therefore, the court **GRANTS** this portion of Plaintiff's motion in limine.

## II. Conclusion

Plaintiff's motion in limine concerning attorney fees (Filing No. 120) is **GRANTED**. Plaintiff's motion in limine regarding character, the underlying debt, short sale, and other parties (Filling No. 121) is **GRANTED in part**, **DENIED in part**, and **UNDER ADVISMENT in part**. Specifically, the court found that the deadbeat argument cannot be made, Plaintiff's motives are irrelevant, inconsistent allegations in other FDCPA claims may be used for impeachment purposes, the existence of the debt may be used for impeachment purposes, and the attorney's motives are irrelevant. The admissibility of the context surrounding the other FDCPA claim is UNDER ADVISEMENT.

**SO ORDERED** this 13th day of November 2014.

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.